UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph McMorris, Jr., # 264508,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Omnibus Crime Reduction and Sentencing Act of 2010<br>Bill #1154, *44-53-375 2ⁿᵈ Offense*;<br>State of South Carolina,<br><br>　　　　　　　　　　Defendants. | C/A No. 6:11-2887-JMC-KFM<br><br>**Report and Recommendation** |

## *Background of this Case*

Plaintiff is an inmate at the Livesay Correctional Institution "A" Camp of the South Carolina Department of Corrections ("SCDC"). The SCDC website indicates that Plaintiff is serving a ten-year sentence for "Mdp Narc Sched-2nd Subse[.]" Plaintiff states that he was convicted of distribution of crack cocaine-second offense. Plaintiff entered the SCDC on February 7, 2006, after his conviction in Union County. Plaintiff received approximately three months and three weeks of "jail time" credit. The SCDC website indicates that Plaintiff is not eligible for parole or supervised furlough.

At issue in this case is the enactment of the Omnibus Crime Reduction and Sentencing Reform Act by the General Assembly of South Carolina in 2010. Plaintiff alleges that three inmates at his institution — Eddie Brannon, Travis Pitts, and Robert Folks — have been notified of their parole dates, but Plaintiff has not been given a parole date. Plaintiff contends that he should be given a parole date.

The SCDC website[1] indicates that Eddie Brannon (# 328942) is serving a *five-year* sentence for "Manu/dist Crack-2nd Off" and entered the SCDC on December 14, 2010, with five weeks of "jail time" credit.  Eddie Brannon, who was also convicted in Union County, was eligible for parole on October 25, 2011.  The SCDC website shows that Travis Martius Pitts (# 343547) is serving a six-year sentence for "Manu/dist Crack-2nd Off" and entered the SCDC on November 10, 2010, with approximately five months and two weeks of "jail time" credit.  Travis Pitts was convicted in Greenville County and will be eligible for parole on March 28, 2013. As to Robert Folks, a search of the SCDC website revealed no inmate by that name currently confined in the South Carolina Department of Corrections.

A federal court may take judicial notice of factual information located in postings on governmental websites in the United States.  *Mitchell v. Newsom*, C.A. No. 3:11-0869-CMC-PJG, 2011 WL 2162723, *3 n. 1 (D.S.C. May 10, 2011) (collecting cases), *adopted*, 2011 WL 2162184 (D.S.C. June 1, 2011).

The Act in question, 2010 S.C. Act 273, was approved by the Governor of South Carolina on June 2, 2010.  Act 273 amended S.C. Code Ann. § 44-53-375 to provide that for a second drug offense or if, in the case of a first conviction of a violation of this section, the offender has been convicted of any of the laws of the United States or of any state, territory, or district relating to narcotic drugs, marijuana, depressant, stimulant, or hallucinogenic drugs, the offender must be imprisoned for not less than five years nor more than 30 years, or fined not more than $50,000.00, or both. Moreover, the Act provided that no part of the sentence may be suspended or probation granted.  *See* Section 38 of Act

---

[1] https://sword.doc.state.sc.us/scdc-public/

273. The sentence range for the 2010 amendments (five to thirty years) is the same sentence range in the version of S.C. Code Ann. § 44-53-375 in effect prior to June 2, 2010.

## *Discussion*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints and petitions for relief and submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). Even when considered under this less stringent standard, the *pro se* Complaint remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

The State of South Carolina is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Virginia v. Reinhard*, 568 F.3d 110 (4th Cir. 2009); and *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978).

The two laws named as defendants are not "persons" subject to suit pursuant to 42 U.S.C. § 1983. *See* 42 U.S.C. § 1983; *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 690 & n. 55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); and 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). *Cf. Jones v. Lexington County Detention Center*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008).

Further, no *ex post facto* violation has occurred by the General Assembly's enactment of Act 273 because the final sentence of the Act provides that "Cases and appeals arising or pending under the law as it existed prior to the effective date of this act are saved." *See Cochrane v. Glover*, C.A. No. 6:10-1360-JFA-KFM, 2011 WL 939008, *2 (D.S.C. March 16, 2011) ("Thus, without a change in the law that retroactively alters the definition of a crime or increases the punishment for a crime, no ex post facto violation occurs.").

It appears that inmates Brannon and Pitts were convicted under different statutes because the SCDC website lists their offenses as "Manu/dist Crack-2nd Off" while Plaintiff's offense is listed as "Mdp Narc Sched-2nd Subse[.]" Also, inmates Brannon and Pitts were sentenced to substantially shorter terms of imprisonment (five years and six years) than Plaintiff (ten years).

The Public Index for the Union County Clerk of Court[2] reveals that Plaintiff is actually serving *two* concurrent ten-year sentences for drug offenses, to which he pled guilty. One sentence is for possession/distribution for sale of crack cocaine near a school

---

[2]http://publicindex.sccourts.org/union/publicindex/PICaseDetails.asp

4

(Indictment No. 2006-GS-44-0341) and the other sentence is for possession of "meth" or cocaine (Indictment No. 2006-GS-44-0342). The Public Index indicates that, as part of the guilty plea, the State of South Carolina nol prossed at least ten other criminal charges that Plaintiff was facing at the time. In light of the different offenses and terms of imprisonment for inmates Brannon and Pitts, Plaintiff is not entitled to be treated as someone charged, convicted, or sentenced after June 2, 2010.

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

October 28, 2011                                s/Kevin F. McDonald
Greenville, South Carolina              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).